JUSTINA K. SESSIONS, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

JOHN E. SCHMIDTLEIN, SBN 163520
JESSE T. SMALLWOOD, (*pro hac forthcoming*)
BENJAMIN M. GREENBLUM (*pro hac forthcoming*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: jsmallwood@wc.com
Email: bgreenblum@wc.com

*Attorneys for Defendants*
*GOOGLE LLC and ALPHABET INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMOS KOBER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, ALPHABET INC. and DOES 1-100,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL FROM SANTA CLARA COUNTY SUPERIOR COURT** |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d) and 1453, Defendants Google LLC and Alphabet Inc. (collectively Defendants), hereby give notice of removal of this action, *Kober v. Google LLC, et al.*, Case No. 20CV372225, from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California. As grounds for removal, Defendants state as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Amos Kober filed this putative class action in California state court, alleging Defendants "engaged in a litany of anticompetitive activity to establish and maintain monopolies in the markets for general search services and search advertising." Ex. A, Compl. ¶ 2. Plaintiff seeks to hold Defendants liable for that purportedly anticompetitive conduct, asserting various state-law claims individually and as a representative of a putative class. *Id*. ¶ 94. Because the proposed class meets the removal requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1453, Defendants are entitled to remove the action to federal court. Such removal vindicates Congress's "intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting S. Rep. No. 109-14, at 35 (2005)).

## BACKGROUND

2. On October 27, 2020, Plaintiff filed this action in the Superior Court of the State of California, County of Santa Clara, bearing Case No. 20CV372225. Venue exists in this Court because the Superior Court of the State of California for the County of Santa Clara is located within the Northern District of California.

3. On October 28, 2020, the Superior Court issued an Order designating the action as complex. Ex. B. That same day, Plaintiff served Defendants with the initial Summons and Complaint. *See* Ex. C, Proof of Summons; Ex. D, Proof of Summons. There have been no further proceedings in California Superior Court and no other process, pleadings, or orders have been served on Defendants.

4. This Notice of Removal is timely because it is being "filed within 30 days after the

1  receipt by [Defendants], through service or otherwise, of a copy of the initial pleading setting forth
2  the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(3).

3       5.    There are no other named Defendants in this matter and, in any event, the "action
4  may be removed . . . without the consent of all defendants." 28 U.S.C. § 1453(a).

5       6.    Plaintiff avers that Defendants "established parallel monopolies in the general
6  search services and search advertising markets" by "entering into exclusionary agreements and
7  engaging in other anticompetitive conduct to gain control of distribution channels and prevent
8  competition from rivals." Ex. A, Compl. ¶¶ 4, 29. According to Plaintiff, as a result of the
9  purportedly anticompetitive conduct, the putative class "sustained injury to their business or
10 property, having been denied viable market alternatives to Google Search and paid higher prices to
11 buy products and services than they would have paid in the absence of Google's monopolization
12 of the search advertising market." *Id.* ¶ 91.

13      7.    Plaintiff asserts violations of the California Cartwright Act, Cal. Bus. & Prof. Code
14 §§ 16720 *et seq.*; the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et*
15 *seq.*; and California's common law of unjust enrichment. Ex. A, Compl. ¶¶ 113–37. Plaintiff
16 brings claims individually and on behalf of a putative class defined as: "[a]ll persons and entities
17 in the State of California that made payment to Google for a mobile app on the Google Play Store,
18 subscription fees for a mobile app obtained on the Google Play Store, or app content from a
19 mobile app downloaded from the Google App Store, from at least as early as January 1, 2016
20 through the present." *Id.* ¶ 94. Plaintiff, on behalf of himself and the putative class, seeks treble
21 damages, attorneys' fees, pre-judgment and post-judgment interest, costs, restitution, and
22 injunctive relief. *Id.* ¶ 130, Prayer for Relief.

23      8.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed
24 with the Clerk of the Superior Court of California, County of Santa Clara, and Plaintiff is being
25 duly served with written notice of the removal.

26      9.    By filing a Notice of Removal in this matter, Defendants do not waive their rights
27 to object to service of process, the sufficiency of process, jurisdiction over the person, or venue;
28 and Defendants specifically reserve their right to assert any defenses and/or objections to which

they may be entitled.

10. Defendants reserve the right to amend or supplement this Notice of Removal.

## BASIS FOR REMOVAL

11. The Court has subject matter jurisdiction over this action pursuant to CAFA. 28 U.S.C. §§ 1332(d), 1453.

12. Subject to certain limited exceptions not applicable here, *see* 28 U.S.C. § 1453(d), CAFA authorizes the removal of class actions from state to federal court where: "(1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest," *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)).

13. As the party invoking federal jurisdiction, Defendants "ha[ve] the burden of pleading" the jurisdictional prerequisites of numerosity, minimal diversity, and the amount in controversy. *Ehrman*, 932 F.3d at 1227. To satisfy that burden, Defendants need only "file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Id.* (quoting 28 U.S.C. § 1446(a)). Removal allegations are subject to "the same liberal rules . . . that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, removal allegations "need not contain evidentiary submissions," *id.* at 84, and "may be based on 'information and belief,'" *Ehrman*, 932 F.3d at 1227 (quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)).

**A. Numerosity**

14. CAFA applies only to class actions with "one-hundred or more putative class members." *Washington*, 659 F.3d at 847 (citing 28 U.S.C. § 1332(d)(5)(B)).

15. Plaintiff alleges in the Complaint that "there are hundreds of thousands" of members of the putative class. Ex. A, Compl. ¶ 96.

16. Accordingly, the numerosity requirement is satisfied because, as alleged, there are more than one-hundred persons and entities that fit the class description.

**B. Minimal Diversity**

17. For CAFA purposes, minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant," or where "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A), (B).

18. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's "state citizenship is then determined by her state of domicile," i.e., "her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. Thus, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

19. Similarly, an incorporated entity "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business," i.e., its headquarters. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities.").

20. Finally, "[f]or purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). CAFA thus "departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members.'" *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004)).

21. Google LLC is a limited liability company organized under the laws of Delaware and headquartered in Mountain View, California. *See* Alphabet Inc., Annual Report (Form 10-K), Ex. 21.01 (Feb. 3, 2020). Google LLC is a wholly owned subsidiary of Alphabet Inc., a Delaware corporation also headquartered in California. *See id*.; Ex. A, Compl. ¶ 17. For diversity purposes,

then, Defendants are citizens of Delaware and California.  *See Hertz Corp.*, 559 U.S. at 92–93.[1]

22. Plaintiff alleges he "is a citizen of California."  Ex. A, Compl. ¶ 15.

23. The putative class, however, is not defined to include only California *citizens*. Instead, it encompasses "[a]ll persons and entities *in the State of California* that made payment to Google for a mobile app on the Google Play Store, subscription fees for a mobile app obtained on the Google Play Store, or app content from a mobile app downloaded from the Google App Store, from at least as early as January 1, 2016 through the present."  Ex. A, Compl. ¶ 94 (emphasis added).

24. CAFA's minimal-diversity requirement is satisfied because, on information and belief, at least one member of the putative class—i.e., at least one "person[] [or] entit[y] in the State of California that made payment to Google . . ."—is a citizen of a state other than California or Delaware.  *See* 28 U.S.C. § 1332(d)(2)(A) (minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant").  In fact, during the class period, a significant number of persons and entities fit the class description without being citizens of either California or Delaware.  Examples include students attending any one of California's colleges or universities and tourists visiting from another state, who would have been "in" the State of California and making payments to Google, without necessarily being California or Delaware citizens.  *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Similarly, out-of-state business entities that operated in California and made payments to Google would be members of the class without being California or Delaware citizens.  *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (holding defendant minimally diverse from class defined as "all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004" because the proposed class included California

---

[1] Although Plaintiff also includes various unnamed defendants in the Compliant, Ex. A, Compl. ¶¶ 19–20, the citizenship of the unnamed defendants does not bear on the minimal-diversity analysis.  *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

businesses operating in the state but not citizens thereof).

25.     CAFA's minimal-diversity requirement is also satisfied because, on information and belief, at least one member of the putative class resides in California but is not a U.S. citizen. *See* 28 U.S.C. § 1332(d)(2)(B) (minimal diversity exists where "any member of a class of plaintiffs is a . . . citizen . . . of a foreign state and any defendant is a citizen of a State"). More than 5 million non-U.S. citizens reside in California. *See* Hans Johnson & Sergio Sanchez, *Immigrants in California*, Public Policy Institute of California (May 2019), *available at* https://www.ppic.org/publication/immigrants-in-california/. It is thus "implausible" that a class brought on behalf of all persons "in" the State of California that made payments to Google "would not . . . include[] a single putative class member satisfying (and implicating) § 1332(d)(2)(B)." *Greenwald v. Ripple Labs, Inc.*, 2018 WL 4961767, at *2 (N.D. Cal. Oct. 15, 2018).

**C.  Amount in Controversy**

26.     Under CAFA, the aggregated amount in controversy must exceed $5 million, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d)(6). As the Supreme Court has explained, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Indeed, defendants may simply "'assert that the jurisdictional threshold has been met,'" which "should be accepted when not contested by the plaintiff." *Id*. at 87, 89 (quoting H.R. Rep. No. 112-10, at 16 (2011)); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

27.     The Complaint does not seek a specified amount of damages. Nor does Plaintiff identify the purportedly supracompetitive prices he and the class paid as a result of Defendants' allegedly anticompetitive conduct; rather, Plaintiff avers generally that, over a period of almost five years, putative class members "paid higher prices to buy products and services than they would have paid in the absence of Google's monopolization of the search advertising market, and as a result have suffered damages." Ex. A, Compl. ¶ 91. Plaintiff also claims that he and the class are entitled to "damages . . . in an amount to be trebled in accordance with the antitrust laws." *Id.*,

Prayer for Relief; *see* Cal. Bus. & Prof. Code § 16750(a) (authorizing private plaintiffs to recover treble damages under the Cartwright Act).

28. Even a conservative estimate of the damages allegedly at issue satisfies CAFA's amount-in-controversy requirement.[2] *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) ("[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" (quoting *Ibarra*, 775 F.3d at 1199)). For example, Plaintiff alleges that "Google reported total revenues of $160.7 billion" in 2019. Ex. A, Compl. ¶ 28. Even if the putative class alleges that it paid supracompetitive prices amounting to only .01% of those revenues, the amount in controversy would easily be satisfied, as the claimed damages would be more than $16 million for 2019 alone (before trebling).

29. In addition to damages, Plaintiff seeks equitable relief, including "restitution" and "a permanent injunction." Ex. A, Compl. ¶ 130, Prayer for Relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). This additional requested relief further confirms the amount-in-controversy requirement is satisfied here. For example, Plaintiff seeks to "permanently enjoin[]" Defendants from "continuing and maintaining" the purportedly exclusionary agreements, which Plaintiff alleges "cover more than 80 percent of all U.S. search queries" and involve "billions of dollars each year." Ex. A, Compl. ¶¶ 5, 66, Prayer for Relief. An injunction affecting even a fraction of those agreements' value would easily satisfy the amount-in-controversy requirement.

30. Finally, Plaintiff requests "reasonable attorneys' fees." Ex. A, Compl., Prayer for Relief. Although, ordinarily, "a request for [attorneys'] fee[s] cannot be included in . . . the jurisdictional amount, . . . where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in

---

[2] To be clear, Defendants deny that they charged supracompetitive prices or engaged in anticompetitive conduct. *See Ibarra*, 775 F.3d at 1198 n.1 ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceeding and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (quoting *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1988)).  Here, California law may authorize attorneys' fees "[i]f a plaintiff prevails in an unfair competition law claim." *Walker v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 2d 79, 94 (Cal. App. 4th 2002) (explaining that while the UCL "does not provide for attorney fees," a prevailing plaintiff may seek such fees "as a private attorney general pursuant to Code of Civil Procedure section 1021.5").  Given the scope of requested relief, such fees, if warranted, could themselves run into the millions of dollars, further establishing that the amount-in-controversy requirement is satisfied.  *See, e.g.*, *Lokey v. CVS Pharmacy, Inc.*, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) (finding attorneys' fee estimate of 25 percent of common fund reasonable).

31.   For the foregoing reasons, removal is proper pursuant to CAFA.

WHEREFORE, Defendants hereby remove this action now pending against them in the Superior Court of California, County of Santa Clara, to this Honorable Court.

| | | |
|---|---|---|
| 1 | DATED: November 25, 2020 | **WILSON SONSINI GOODRICH & ROSATI**<br>  Professional Corporation |
| 2 | | |
| 3 | | By:  /s/ Justina K. Sessions |
| 4 | | JUSTINA K. SESSIONS, SBN 270914<br>One Market Plaza |
| 5 | | Spear Tower, Suite 3300<br>San Francisco, CA 94105-1126 |
| 6 | | Telephone:  (415) 947-2000<br>Facsimile:  (415) 947-2099 |
| 7 | | Email:  jsessions@wsgr.com |
| 8 | | **WILLIAMS & CONNOLLY LLP** |
| 9 | | JOHN E. SCHMIDTLEIN, SBN 163520<br>JESSE T. SMALLWOOD, (*pro hac* |
| 10 | | *forthcoming*)<br>BENJAMIN M. GREENBLUM (*pro hac* |
| 11 | | *forthcoming*)<br>725 Twelfth Street, N.W. |
| 12 | | Washington, DC 20005 |
| 13 | | Telephone:  (202) 434-5000<br>Facsimile:  (202) 434-5029 |
| 14 | | Email:  jschmidtlein@wc.com<br>Email:  jsmallwood@wc.com |
| 15 | | Email:  bgreenblum@wc.com |
| 16 | | |
| 17 | | *Attorneys for Defendants*<br>*Google LLC and Alphabet Inc.* |